# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: Z.H. and B.H.

No. 17-0501 (Webster County 16-JA-27 & 16-JA-28)

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother S.H. by counsel Andrew Chattin, appeals the Circuit Court of Webster County's May 2, 2017, order terminating her parental and custodial rights to Z.H. and B.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Christopher G. Moffatt, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental and custodial rights without first granting an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2016, the DHHR filed an abuse and neglect petition against petitioner and the father. The petition alleged that police were called to the parents' home due to a domestic violence dispute in which petitioner alleged that the father was not the true biological father of B.H. The situation escalated and petitioner instructed the children to go to their bedroom, shut the door, and to not come out "no matter what." The father became enraged at petitioner's allegations, drove to the alleged father's house, and fired shots into the home. Following the incident, both parents tested positive for controlled substances. In particular, petitioner tested positive for oxycodone, THC, and buprenorphine. The petition also alleged that the parents were previously involved in abuse and neglect proceedings in 2010, due to instances of domestic violence and substance abuse. During those proceedings, petitioner successfully completed an improvement period and regained custody of the children.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

In May of 2016, the circuit court held an adjudicatory hearing during which petitioner stipulated to the allegations contained in the petition. As such, the circuit court adjudicated petitioner as an abusing parent.[2]

In March of 2017, the circuit court held a dispositional hearing. The DHHR presented the testimony of a Child Protective Services ("CPS") worker who testified that the DHHR recommended termination of petitioner's parental and custodial rights because she had not corrected the circumstances of abuse and neglect. The CPS worker testified that the DHHR provided petitioner services in the 2010 proceedings but that she did not "continue to incorporate what [she] learned" as evidenced by the fact that she was in proceedings yet again for the same circumstances. In fact, the CPS worker stated that petitioner tested positive for controlled substances twice throughout the period between the adjudicatory and dispositional hearing. The CPS worker stated that petitioner was unlikely to correct these conditions in the foreseeable future. The CPS worker also noted that she considered the children's bond with petitioner in making her recommendation. Petitioner testified on her own behalf and stated that since the incident giving rise to the petition, the father had filed for divorce, which she was not contesting. Petitioner also stated that she began working forty hours per week; maintained her own home; and participated in parenting services, drug screens, and visitation with the children. Petitioner testified that she tested positive for controlled substances twice due to a misunderstanding with her doctor, who had proscribed medicine that caused her to test positive. Petitioner testified that she did not use drugs during the years between the two proceedings, except for prescribed medication. She also stated that she did not begin abusing drugs again until a week before the petition was filed. After hearing the testimony, the circuit court found that petitioner's testimony regarding her positive drug screens was not credible and that domestic violence and substance abuse were current issues in the family. The circuit court further found that petitioner failed to establish that she could substantially correct the conditions of abuse and neglect. As such, the circuit court denied petitioner's motion for an improvement period and terminated her parental and custodial rights to the children in its order dated May 2, 2017.[3] It is from this dispositional order that petitioner appeals.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

[2]While the parties refer to petitioner as "an abusive and neglectful parent," we note that the phrase "neglectful parent" does not appear in the statutory framework for abuse and neglect proceedings in this State. Instead, West Virginia Code § 49-1-201 defines "abusing parent" as "a parent . . . whose conduct has been adjudicated by the court to constitute child abuse *or neglect* as alleged in the petition charging child abuse *or neglect*." (Emphasis added.) As such, the Court will refer to petitioner as an "abusing parent" in this memorandum decision, as that phrase encompasses parents who have been adjudicated of abuse and/or neglect.

[3]The parents' parental and custodial rights were terminated below. According to the DHHR, the children were placed with their maternal grandparents with a goal of adoption in that home.

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner argues on appeal that the circuit court erred in terminating her parental rights without first granting her an improvement period. We disagree. We have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (holding that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements").We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . .'"*In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

The record is clear that the circuit court did not err in denying petitioner an improvement period. Petitioner argues that her lifestyle changes following the filing of the petition demonstrate her likelihood to fully participate in an improvement period. Specifically, petitioner mentions that she did not participate in any more instances of domestic violence and only tested positive for medications prescribed by her doctor. However, petitioner cites to nothing in the record indicating that she provided the circuit court with proof of her prescriptions. Further, the circuit court found petitioner's explanation regarding her positive drug screen to be unpersuasive. We have previously held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). Additionally, the CPS worker testified that petitioner failed to incorporate any appropriate parenting techniques, as the DHHR provided services to petitioner in the past and yet she continued in the same abusive behavior in the underlying proceedings. We have previously held that it is possible for a person to show "compliance with specific aspects of the case plan" while failing "to improve . . . [the] overall attitude and approach to parenting." *W.Va. Dep't of Human Servs. v. Peggy F.*, 184 W. Va. 60, 64, 399 S.E.2d 460, 464 (1990). Fully participating in an improvement period necessarily requires implementing the parenting skills that are being taught through services. *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). Contrary to petitioner's argument that she corrected the conditions of abuse, sufficient evidence establishes that she did not improve her approach to parenting and continued to test positive for controlled substances after the petition

was filed. As such, we find no error in the circuit court's denial of petitioner's motion for an improvement period.

Moreover, we find no error in the circuit court's termination of petitioner's parental and custodial rights. We have previously held that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.*, 198 W.Va. at 82, 479 S.E.2d at 592 (1996). West Virginia Code § 49-4-604(c)(3) clearly indicates that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

Contrary to petitioner's argument, the record demonstrates that petitioner did not successfully follow through with rehabilitative efforts. The DHHR provided petitioner with services to assist with domestic violence and substance abuse issues in prior proceedings. However, petitioner failed to implement the services and proceedings were initiated against her for the same issues. Further, petitioner tested positive for controlled substances twice in the current proceedings without a persuasive explanation. As such, we find no error in the circuit court's decision terminating petitioner's parental and custodial rights upon a finding that there was no reasonable likelihood that she could correct the conditions of abuse and/or neglect and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 2, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4